IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEVIN GARCIA, #20156952             *

Plaintiff                                          *

v                                                  *       Civil Action No. RDB-16-248

GANG TASK FORCE,                    *
OFFICER HAGEL,
OFFICER KISSINGER,                  *

Defendants                                     *
                                                    ***

**MEMORANDUM OPINION**

Plaintiff Kevin Garcia is a detainee at the Wicomico County Detention Center. Garcia alleges in his Complaint that he was injured by Defendants when a police vehicle hit him incident to his arrest on November 17, 2015. (ECF 1, ¶¶ III, IV; ECF 4). He provides minimal factual background. On February 10, 2016, this Court granted Garcia's Motion to Proceed in Forma Pauperis and directed him to supplement the Complaint because it failed to identify a cause of action. Garcia was also instructed to specify the relief he sought. (ECF 3).

On February 19, 2016, Garcia supplemented the Complaint and also submitted a second Motion to Proceed in Forma Pauperis (ECF 4, 5). Garcia supplemented the Complaint to state that he is suing Defendants for damages of unstated sum. Additionally, he seeks dismissal of state criminal proceedings against him[1] and the firing of the officer who drove the police car.

---

[1] The electronic record shows Garcia is charged with possession of a firearm by a convicted felon, illegal possession of ammunition, and related offenses arising from the incident on November 17, 2015. The matter is proceeding in the Circuit Court for Wicomico County in case 22K15000730. *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=22K15000730&loc=48&detailLoc=K.Federal. Garcia also is charged with violating his probation. *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId= 22K14000603 &loc=48&detailLoc=K. Federal district courts will not interfere in ongoing state court proceedings, absent

(ECF 4). Garcia, however, did not identify a federal cause of action or articulate what actual injury he sustained. The minimal facts alleged are insufficient to support a constitutional claim.

The Complaint as supplemented is insufficient to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure which requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff must do more than make conclusory statements to state a claim and must provide sufficient factual information to put Defendants on notice of their wrongdoing. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This Court recognizes that "pro se plaintiff[s] [are] general[ly] given more leeway than a party represented by counsel," *Bell v. Bank of America, N.A.*, Civ. Action No. RDB–13–478, 2013 WL 6528966, *1-2 (D. Md. Dec. 11, 2013). Nevertheless "the leeway extended to a pro se plaintiff must be tempered to require the plaintiff to comply with the Federal Rules of Civil Procedure, including the pleading requirements of Rule 8." *Adam v. Wells Fargo Bank, N.A.*, Civ. Action No. JFM-09-2387, 2010 WL 3001160, at *3 (D. Md. July 28, 2010). This Court "cannot construct the plaintiff's legal arguments for him," *Adam v. Wells Fargo Bank, N.A.*, at *3, and the Complaint will be dismissed.

## CONCLUSION

For these reasons, this Court will DISMISS the Complaint without prejudice for failure to state a claim upon which relief can be granted. A separate Order shall follow.

February 26, 2016  _____/s/_____
Date                              RICHARD D. BENNETT
                                  UNITED STATES DISTRICT JUDGE

---

extraordinary circumstances. *See, e.g., Younger v. Harris*, 401 U.S. 37, 44 (1971); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50–53 (4th Cir. 1989).